UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| In re: | ) | No. 1:11-CV-124 |
| | ) | |
| STEVE A. MCKENZIE | ) | Chief Judge Curtis L. Collier |

**MEMORANDUM**

This matter comes before the Court on Appellant Grant, Konvalinka & Harrison, P.C.'s ("Appellant") Notice of Appeal and Precautionary Motion for Leave to Appeal (Court File Nos. 1, 1-3). Appellant seeks leave to appeal United States Bankruptcy Judge Shelley Rucker's order entered March 22, 2011, authorizing Jerrold Farinash ("Farinash") to serve as Special Counsel for the Trustee in Adversary Proceeding No. 11-1016 and for Farinash to be compensated from the bankruptcy estate funds.[1] Appellant also moves for leave to appeal Judge Rucker's subsequent order entered April 22, 2011, clarifying the bankruptcy court's evidentiary and legal basis for its March 22, 2011 opinion. Appellant filed the initial brief on May 25, 2011 (Court File No. 4), pursuant to the Court's briefing schedule (Court File No. 3).

Instead of filing a responsive brief, Appellee C. Kenneth Still ("Trustee"), moved for an extension of time to respond, a hearing on the motion for leave to appeal, to stay the matter pending resolution on other proceedings in state and bankruptcy court, or to deny Appellant's motion for leave to appeal (Court File No. 5). After reviewing the Trustee's motion and Appellant's response (Court File Nos. 5, 9) as well as the other filings in the record, the Court finds the Trustee's arguments well-taken. The Court concludes the March 22 and April 22, 2011 orders are not final, appealable orders and will further deny leave to entertain an interlocutory appeal.

United States District Courts have jurisdiction to hear appeals from final orders of

---

[1] Appellant does not challenge the appointment of the attorney, but only challenges the means of compensation.

bankruptcy proceedings. 28 U.S.C. 158 (a). A final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute judgment. *In re Barrett*, 337 B.R. 896, 898 (B.A.P. 6th Cir. 2006); *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986). The orders Appellant's wish to appeal are not final orders. *See In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991) ("an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order" and "as such they are generally not considered final judgments"). The challenged bankruptcy decisions authorized appointment of Farinash to represent the Trustee and authorized Farinash to be compensated by the bankruptcy estate pursuant to 11 U.S.C. §§ 327, 330 and 331. These authorizations did not end the case on the merits. As the Trustee notes, there has not been any authorized payment from the estate and there has been no opportunity for the Bankruptcy Court "to consider additional actions that might lessen the impact of the payment of fees for the defense of these actions" (Court File No. 5, p.2).

In the memorandum accompanying the April 22, 2011 clarification order, the bankruptcy judge explained:

> In the adversary proceeding relating to the [Appellant's] Complaint, risk of abuse may be resolved at a later date by an adjustment or surcharge of the Trustee's fees in the event he or his counsel are found to be liable for the damages alleged. To the extent that the case was plead in such a way that it violated Fed. R. Bankr. P. 9011, the court could assess sanctions against the professionals or reduce their fees in the case if the work was not appropriate or well done.

(Court File No. 1-9, p. 9). In *Boddy*, the Sixth Circuit explained that "an order of interim fees becomes final when it is no longer subject to modification by the bankruptcy court." Here, because the adversary proceeding is ongoing and any compensation from the bankruptcy estate for Farinash's efforts to defend the Trustee is uncertain, the Court has not been presented with final orders.

On some occasions, an appellant may appeal an order that is not final. Section 158 (a) states that "with the leave of the court other interlocutory orders and decrees" that are not final orders may

also be appealable. 28 U.S.C. § 158 (a) (3). The Court finds Appellant has not demonstrated a need for immediate review and will decline to entertain an interlocutory appeal.

The orders at issue only authorized the Trustee to employ Farinash as counsel to defend against Adversary Proceedings filed by Appellant. Motions to dismiss these adversary proceedings are currently pending based on various reasons, including the Trustee's absolute immunity. Furthermore, Appellant is pursuing similar actions against the Trustee in state court and there is the possibility, "the Bankruptcy Court will determine that all of the actions . . . are without merit rendering any objection in this request for appeal moot" (Court File No. 5, p. 3). At this point, any issue with funds depleting the bankruptcy estate is purely hypothetical and would not "materially advance the ultimate termination of litigation." *See Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (describing requirements for immediate appeal of an interlocutory order as: (1) question involved must be one of law; (2) it must be controlling; (3) there must be substantial ground for difference of opinion about it; and (4) an immediate appeal must materially advance the ultimate termination of the litigation).

The Court concludes the orders from which Appellant seeks leave to appeal are not final, appealable orders. In light of the procedural posture of related actions, the Court finds an immediate review unnecessary and will deny leave to entertain an interlocutory appeal. Accordingly, the Court will **GRANT** the Trustee's motion (Court File No. 5), **DENY** Appellant's motion for leave to appeal (Court File No. 1-3), and will **DISMISS** the Appellant's case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**